UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA

    - v. -

KEITH EMORDI,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:  USDC SDNY
:  DOCUMENT
:  ELECTRONICALLY FILED
:  DOC #:_____
:  DATE FILED: 12|18|24

:   CONSENT PRELIMINARY ORDER
    OF FORFEITURE/
:   MONEY JUDGMENT

:   23 Cr. 265 (RMB)

WHEREAS, on or about May 31, 2023, KEITH EMORDI (the "Defendant"), among others, was charged in a two-count sealed Indictment, 23 Cr. 265 (RMB) (the "Indictment"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); and conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Two);

WHEREAS, the Indictment included a forfeiture allegation as to Count Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count Two of the Indictment or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Two of the Indictment;

WHEREAS, on or about August 6, 2024, the Defendant pled guilty to Count Two of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count Two of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in the offense charged in Count Two of the Indictment or any property traceable to such property, including a sum of money equal to $170,000 in United States

currency, representing the amount of property involved in the offense charged in Count Two of the Indictment to which the Defendant has pled guilty;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $170,000 in United States currency, representing property involved in the offense charged in Count Two of the Indictment, for which the Defendant is solely liable for $20,000 in United States currency and the Defendant is jointly and severally liable with his co-defendants as follows: (i) Salif Ndama-Traore ("Ndama-Traore") in the amount of $150,000 in United States currency and the forfeiture money judgment entered against Ndama-Traore in this case for the offense charged in Count Two of the Indictment; (ii) Kyle Emordi in the amount of $150,000 in United States currency to the extent a forfeiture money judgment is entered against him in this case for the offense charged in Count Two of the Indictment; and (iii) Ibrahim Bocoum ("Bocoum") in the amount of $150,000 in United States currency to the extent a forfeiture money judgment is entered against Bocoum in this case for the offense charged in Count Two of the Indictment; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the property involved in the offense charged in Count Two of the Indictment cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Jane Chong, of counsel, and the Defendant and his counsel, Lorraine Gauli-Rufo, Esq., that:

1.      As a result of the offense charged in Count Two of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $170,000 in United States currency

(the "Money Judgment"), representing the amount of property involved in the offense charged in Count Two of the Indictment, for which the Defendant is solely liable for $20,000 in United States currency and the Defendant is jointly and severally liable with his co-defendants as follows: (i) Ndama-Traore and the forfeiture money judgment entered against Ndame-Traore in this case for the offense charged in Count Two of the Indictment, up to the amount of $150,000 in United States currency; (ii) Kyle Emordi in the amount of $150,000 in United States currency to the extent a forfeiture money judgment is entered against him in this case for the offense charged in Count Two of the Indictment; and (iii) Bocoum in the amount of $150,000 in United States currency to the extent a forfeiture money judgment is entered against the Bocoum in this case for the offense charged in Count Two of the Indictment, shall be entered against the Defendant.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant KEITH EMORDI, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.      All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.     Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

8.     The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          12/18/24
      JANE CHONG                                                    DATE
      Assistant United States Attorney
      26 Federal Plaza
      New York, NY 10278
      (212) 637-2263

KEITH EMORDI

By: _____

KEITH EMORDI

DATE 12/18/24

By: _____

LORRAINE GAULI-RUFO, ESQ.
Attorney for Defendant
6 Pompton Avenue, Suite 25
Cedar Grove, NJ 07009

DATE 12.18.24

SO ORDERED:

_____

HONORABLE RICHARD M. BERMAN
UNITED STATES DISTRICT JUDGE

DATE 12/18/24